UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KRISPY KRUNCHY FOODS, L.L.C | CIVIL ACTION |
| VERSUS | NO. 15-590 |
| AMA DISCOUNT, INC., ET AL. | SECTION "N" (2) |

and

| | |
|---|---|
| AMA DISCOUNT, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-2845 |
| SENECA SPECIALTY INSURANCE COMPANY | SECTION "N" (2) |

**ORDER AND REASONS**

Presently before the Court in these matters are two closely related motions. Given that relationship, the Court finds it appropriate to address the motions together.[1] As set for herein, **IT IS ORDERED** that Defendant Seneca Specialty Insurance Company's ("Seneca") motion to dismiss (Civil Action No. 15cv590, Rec. Doc. 28) is **DENIED**. **IT IS FURTHER ORDERED** that the motion for summary judgment filed by AMA Discount, Inc. d/b/a Chef Discount Market ("AMA"), Ali M. Allan, and Mohammed Allan (collectively, the "AMA parties") (Civil Action No. 15-2845, Rec. Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Because these actions were found to be related for purposes of Local Rule 3.1.1, the later matter was transferred from Section "S" to Section "N" in July 2015. See Civil Action No. 15-2845 (Rec. Doc. 4).

1

In Civil Action No. 15-590, Krispy Krunchy Foods, L.L.C. ("Krispy") seeks a judgment in its favor against the AMA parties based on their alleged violation of Krispy's trademark and trade dress in selling chicken at their "Chef Discount Market" convenience store.  Krispy also seeks judgment against Seneca, as AMA's commercial general liability insurer.  In Civil Action No. 15-2845, the AMA parties seek a judgment against Seneca finding that Seneca is obligated to defend and indemnify the AMA parties in the suit filed by Krispy.

Both motions addressed herein concern Defendant Seneca's alleged duty to defend and indemnify the AMA parties against the trademark, trade dress, and related state law claims that Krispy has asserted against them based on AMA's alleged continued use of Krispy's trademark and trade dress after being notified that Krispy had terminated AMA's license to use those protected materials in selling Krispy food products pursuant to Krispy's "KKF Program."  In support of its motion to dismiss, Seneca maintains that its policy does not afford any coverage for Krispy's claims; therefore, Seneca is not obligated to defend and indemnify the AMA parties.  Conversely, the AMA parties' motion for summary judgment contends that Krispy's claim premised on AMA's alleged unauthorized use of Krispy's trade dress in its store displays falls within the terms of the Seneca policy's insuring agreement.  Thus, they contend that Seneca is obligated to defend the AMA parties against Krispy's claim unless it is clear from the complaint that the policy unambiguously excludes coverage for the claims asserted therein.  Krispy joins the AMA parties in contesting the notion that coverage is unambiguously excluded by the policy such that Seneca bears no defense or indemnity obligation relative to Krispy's liability claims.

## LAW AND ANALYSIS

Pertinent to the claims that Krispy has asserted against the AMA parties, the Seneca insurance policy's Coverage B, regarding personal and advertising injury, has the following insuring agreement, exclusion, and definitions:

**SECTION I - COVERAGES**

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

**2. Exclusions**

This insurance does not apply to:

a.  **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

* * * *

**SECTION V- DEFINITIONS**

\* \* \*

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

  \* \* \*

  g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement."

\* \* \*

18. "Suit" means a civil proceeding in which damages because of "bodily injury," "property damage," or "personal and advertising injury" to which this insurance applies are alleged.

Having carefully reviewed the parties's submissions, Krispy's Second Amended Complaint, and applicable law, the Court finds, on the present showing made, that Seneca has not demonstrated the unambiguous applicability of its "Knowing Violation of Rights of Another" exclusion to the trade dress infringement claims that Krispy has asserted against the AMA parties. In short, although Krispy's Second Amended Complaint does allege AMA's "deliberate course of action," *inter alia*, in support of its requests for certain enhanced remedies provided by statute for intentional or willful behavior,[2] it is far from apparent that Krispy's claims do not also contemplate and encompass the lesser compensatory relief available for less egregious conduct. See, e.g, *Looney Ricks Kiss Architects, Inc. v. Bryan*, Civil Action No. 07-0572, 2014 WL 931781, \*6 (W.D. La. March 10, 2014) ((("'knowing violation of rights exclusion' has been classified as an intentional acts exclusion" such that "courts have refused to apply the exclusion where the insured could be

---

[2] See Second Amended Complaint (Civil Action 15-590, Rec. Doc. 22) at ¶136 (citing 15 U.S.C. §1117 (b)(1), (c)(1) and (c)(2).

4

liable even if the infringement was inadvertent, negligent, or reckless."). Indeed, Krispy seeks relief for the AMA's alleged trade dress infringement (Count 3) under 15 U.S.C. § 1117(a), which requires no finding of intentional or willful conduct and authorizes an award of a sum that is compensatory rather than punitive. See 15 U.S.C. § 1117(a); 15 U.S.C. § 1125(a).

Thus, while it is possible that Seneca, by virtue of the aforementioned exclusion, actually may bear no indemnity obligation relative to certain components of any damages that the AMA parties ultimately may be ordered to pay, Krispy's allegations are not such that "every claim pleaded in the complaint (and otherwise falling within the insurance clause) unambiguously falls within an exclusion." See *Martco Limited Partnershp v. Wellons, Inc.* 588 F.3d 864, 876 (5th Cir. 2009). Accordingly, Seneca's policy obligates it to defend the AMA parties against the entirety of the claims that Krispy has asserted in Civil Action No. 15-590. See *Alert Centre, Inc. v. Alarm Protection Services*, 987 F.2d 161, 163 (5th Cir. 1992) ("an insurer's duty to defend is broader than its duty to indemnify [and] allegations in the complaint are liberally interpreted to determine whether they establish a duty to defend")); *Montgomery Elevator Co. v. Building Engineering Services, Co.*, 730 F.2d 377, 382 (5th Cir. 1984) ("'once a complaint states one claim with the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage'") (quoting *American Automobile Association v. Globe Indemnity Co.,* 362 So. 2d 1206, 1209 (La. App. 1978)); see also *Adventure Harbor Estates v. LeBlanc*, Civil Action Nos. 12-1848, 13-142, 13-4925, 2014 WL 1389628, *3 (E.D. La. April 9, 2014) (Zainey, J) (same).

Given the foregoing, the Court denies Seneca's motion to dismiss and, insofar as it addresses Seneca's duty to defend, grants the AMA parties' motion for summary judgment. On the other hand, certain language in AMA parties' motion arguably suggests it likewise seeks a favorable ruling relative to Seneca's duty of indemnity. As stated above, the Court is unable to determine Seneca's indemnity obligation, if any, at this stage of the proceeding. Accordingly, to the extent the AMA parties' motion for summary judgment seeks a favorable indemnity determination, it is denied.

New Orleans, Louisiana, this 12th day of January 2016.

**KURT D. ENGELHARDT**
**United States District Judge**