UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

AMA DISCOUNT, INC. d/b/a                          CIVIL ACTION
CHEF DISCOUNT MARKET ET AL.

VERSUS                                            NO. 15-2845

SENECA SPECIALTY INSURANCE CO.                    SECTION "N" (2)

                    **ORDER AND REASONS ON MOTION**

   This is an insurance coverage dispute. Plaintiffs' Motion to Compel, Record Doc. No. 52, is pending before me. Having considered the written opposition, Record Doc. No. 53; the record; and the applicable law; the motion is GRANTED IN PART AND DENIED IN PART as follows.

   Defendant Seneca Specialty Insurance Co. asserts the attorney-client privilege and lack of proportionality as objections to plaintiffs' Request for Production No. 1, which seeks defendant's entire claim file. The file is from the underlying litigation brought by Krispy Krunchy Foods, LLC, against Seneca's insured, AMA Discount, Inc. and its principals (collectively "AMA Discount"), who are the plaintiffs in the instant breach of contract case against Seneca. Defendant's proportionality objection is overruled.

   Discovery of Seneca's claim file from the underlying litigation is proportional to the needs of the instant case. The file is relevant and important to resolution of AMA Discount's claims that Seneca breached the contract by refusing to provide AMA Discount with a defense and indemnity and failed to comply with its duty of good faith and fair dealing towards AMA Discount in connection with the defense and settlement of the underlying litigation. Defendant's state of mind in denying coverage to AMA Discount

and settling the underlying litigation with Krispy Krunchy are at issue in the instant action. Swoboda v. Manders, No. 14-19-EWD, 2016 WL 2930962, at *9 (M.D. La. May 19, 2016); Biggers v. State Farm Ins. Co., No. 92-2004, 1993 WL 408375, at *3 (E.D. La. Oct. 5, 1993). Seneca has sole access to the relevant information in its file, and has not shown that producing the materials will subject it to any undue burden or expense. Fed. R. Civ. P. 26(b)(1). Seneca's mere denial that the policy provided coverage for AMA Discount in the underlying litigation does not defeat the relevance, importance or discoverability of the materials sought to plaintiff's claims in this matter.

Although some materials in the claim file may be privileged, defendant has failed to comply with its obligation under Fed. R. Civ. P. 26(b)(5) to produce a privilege log that identifies the materials withheld on the basis of attorney-client privilege or work product. "An insurance 'claims file' is not by definition privileged in its entirety and may contain much that is not subject to any privilege. Conversely, a privileged document does not necessarily lose its privileged status simply by being housed in a claims file." BG Real Estate Servs. v. Am. Equity Ins. Co., No. 04-3408, 2005 WL 1309048, at *8 (E.D. La. May 18, 2005); accord Shaw Grp., Inc. v. Zurich Am. Ins. Co., No. 12-257-JJB, 2014 WL 1784051, at *13 (M.D. La. May 5, 2014) (citing BG Real Estate Servs., 2005 WL 1309048, at *8; Dixie Mill Supply Co. v. Cont'l Cas. Co., 168 F.R.D. 554, 559 (E.D. La. 1996)); Douga v. D & Boat Rentals, Inc., No. 04-1642, 2007 WL 1428678, at *4 (W.D. La. May 10, 2007) (citing St. Paul Reinsurance Co., v. Commercial Fin. Corp., 197 F.R.D. 620, 630 (N.D. Iowa 2000); Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 190 F.R.D.

532, 535 (S.D. Ind. 1999); <u>Piatkowski v. Abdon Callais Offshore, L.L.C.</u>, No. 99-3759, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000)).  Accordingly, the motion is granted to the extent that defendant must supplement its written response to Request for Production No. 1 and produce to plaintiff all <u>non</u>-privileged materials in its claim file.  The motion is denied at this time as to any privileged materials in the claim file, but Seneca must provide plaintiffs with a proper privilege log as to all materials withheld on privilege grounds.

As to Request for Production No. 3, defendant objects to producing its settlement agreement with Krispy Krunchy in the underlying litigation.  Seneca argues that the terms of its settlement with Krispy Krunchy are not relevant in the instant case and that the settlement agreement is subject to a confidentiality agreement.  Both objections are overruled.  Again, defendant's denial that its policy provided coverage to AMA Discount as a defendant in the underlying litigation does not render Seneca's settlement with Krispy Krunchy Foods irrelevant to AMA Discount's claim of bad faith denial of insurance coverage in this case.  Although settlement agreements are not admissible at trial to prove liability, they are discoverable to the extent that they are relevant.  <u>Jackson v. Strategic Restaurants Acquisition Co.</u>, No. 11-268-JJB, 2012 WL 1455213, at *3 (M.D. La. Apr. 26, 2012); <u>In re Enron Corp. Sec., Derivative & ERISA Litig.</u>, 623 F. Supp. 2d 798, 838 (S.D. Tex. 2009).

Defendant's confidentiality objection is unfounded.  Confidentiality clauses in private settlement agreements cannot preclude a court-ordered disclosure pursuant to a valid discovery request.  <u>Brown & Williamson Tobacco Corp. v. F.T.C.</u>, 710 F.2d 1165,

1180 (6th Cir. 1983); In re Enron Corp., 623 F. Supp. 2d at 838; McGuire v. Warner, No. 05-40185, 2009 WL 4403383, at *6 n.10 (E.D. Mich. Nov. 25, 2009).  The confidentiality of defendant's settlement agreement with Krispy Krunchy can be preserved in this action by an appropriate protective order.  Accordingly, the motion is granted and defendant must supplement its written response and produce all materials responsive to plaintiff's Request for Production No. 3, subject to the protective order below.

    Plaintiff's Request for Production No. 7 is a broad-ranging request that seeks all documents concerning Seneca's efforts to settle the claims in the underlying litigation.  According to Seneca's supplemental response to this request, plaintiff's counsel specifically asked during the parties' discovery conference for emails between counsel for Seneca and counsel for Krispy Krunchy concerning the settlement.  Seneca objects that the request is overly broad, seeks materials protected by the attorney-client privilege and/or Seneca's confidentiality agreement with Krispy Krunchy, and is not proportional to the needs of the case.  Defendant's relevance and confidentiality objections are overruled as to any responsive materials, including emails regarding the settlement, for the same reasons stated above with respect to Request for Production No. 3.  Accordingly, the motion is granted in that defendant must supplement its written response and produce all non-privileged materials responsive to plaintiff's Request for Production No. 7.  The motion is denied at this time to the extent that defendant claims privilege for any withheld responsive materials, but defendant must produce a proper privilege log as to any such materials.

Defendant must produce its supplemental written responses, responsive non-privileged documents and privilege log to plaintiff **no later than June 22, 2016**. All information produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. If, after receiving defendant's privilege log, plaintiff contests any of the privilege designations, it may file a new motion to compel as to particularly identified materials.

Although the motion has been granted in part and denied in part, I find that some portion of plaintiff's fees and costs incurred in connection with it should be apportioned to defendant. Fed. R. Civ. P. 37(a)(5)(C). Defendant's objections were largely unfounded. Its failure to provide the privilege log required by Rule 26(b)(5) is inexplicable. In these circumstances, I find that a just apportionment is that defendant must pay plaintiff $750.00 (three hours at $250 per hour) in reasonable attorney's fees incurred by reason of defendant's actions.

New Orleans, Louisiana, this \_\_\_\_8th\_\_\_\_ day of June, 2016.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE