UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMA DISCOUNT, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-2845 |
| SENECA SPECIALTY INSURANCE COMPANY | SECTION "N" (2) |

**ORDER AND REASONS**

Presently before the Court are the "Motion for New Trial" that was filed by Defendant Seneca Specialty Insurance Company ("Seneca")(Rec. Doc. 23) and the "Motion to Strike Certain Defenses Raised by Seneca" that was filed by Plaintiffs AMA Discount, Inc. d/b/a Chef Discount Market ("AMA"), Ali M. Allan, and Mohammed Allan (collectively, "AMA Discount") (Rec. Doc. 26).  The Court rules on the motions as stated herein.

**I. Motion for New Trial**

Seneca's motion for new trial is directed to the Court's  January 12, 2016 Order and Reasons (Rec. Doc. 15) in which it granted AMA Discount's motion for summary judgment (Rec. Doc. 9) in part.  Specifically, the Court determined that Seneca was obligated to defend AMA Discount against the entirety of claims brought against it by Krispy Krunchy Foods, L.L.C. ("Krispy Krunchy") in a prior related action (Civil Action No. 15-590, hereinafter, the "KKF suit").

1

In support of its determination, the Court reasoned:

> Thus, while it is possible that Seneca, by virtue of the aforementioned exclusion, actually may bear no indemnity obligation relative to certain components of any damages that the AMA parties ultimately may be ordered to pay, Krispy's allegations are not such that "every claim pleaded in the complaint (and otherwise falling within the insurance clause) unambiguously falls within an exclusion." *See Martco Limited Partnershp v. Wellons, Inc*. 588 F.3d 864, 876 (5th Cir. 2009). Accordingly, Seneca's policy obligates it to defend the AMA parties against the entirety of the claims that Krispy has asserted in Civil Action No. 15-590. *See Alert Centre, Inc. v. Alarm Protection Services*, 987 F.2d 161, 163 (5th Cir. 1992) ("an insurer's duty to defend is broader than its duty to indemnify [and] allegations in the complaint are liberally interpreted to determine whether they establish a duty to defend")); *Montgomery Elevator Co. v. Building Engineering Services Co.*, 730 F.2d 377, 382 (5th Cir. 1984) ("'once a complaint states one claim with the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside of the policy's coverage'") (quoting *American Automobile Association v. Globe Indemnity Co.*, 362 So. 2d 1206, 1209 (La. App. 1978)); *see also Adventure Harbor Estates v. LeBlanc*, Civil Action Nos. 12-1848, 13-142, 13-4925, 2014 WL 1389628, *3 (E.D. La. April 9, 2014) (Zainey, J) (same).

See Rec. Doc. 15 at 5. Seneca's instant motion asks the Court to change its prior conclusion regarding Seneca's duty of defense based on a consideration of *all* of the Coverage B exclusions set forth in its policy, rather than the *single* exclusion, i.e. the "Knowing Violation of the Rights of Another," on which it previously relied in opposing AMA Discount's motion for summary judgment.

Although Seneca's motion is styled as one seeking a new trial, no trial in this matter has yet occurred. Nor has a final judgment been rendered. Under these circumstances, Federal Rule of Civil Procedure 54(b) "authorizes a district court to reconsider and reverse its prior rulings on any interlocutory order 'for any reason it deems sufficient.'" *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (quoting *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210-11 (5th Cir. 2010)).

Thus, a court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Medecor Pharma LLC v. Fleming Pharm.*, Inc., Civil Action No. 12-291, 2014 WL 412353, at *1 (M.D. La. Feb. 3, 2014)(Brady, J.).

Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Medecor Pharma LLC.,*2014 WL 412353 *1 (quoting *Louisiana v. Sprint Communications Co.*, 899 F.Supp. 282, 284 (M.D. La. 1995). Furthermore, a "motion for reconsideration is not to be viewed as a readily available 'back up' plan for curing any briefing deficiencies of a motion for summary judgment or opposition memorandum." *Brauninger v. Default Mgmt. Sols., L.L.C.*, Civil Action No. 05-0688, 2007 WL 128809, *2 n. 6 (E.D. La. Jan. 16, 2007) (Engelhardt, J.), *aff'd sub nom. Brauninger v. Motes,* 260 F. App'x 634 (5th Cir. 2007). In other words, there should be no "trial runs" in motion practice.

Under the circumstances presented here, the Court declines to reconsider its prior ruling regarding Seneca's duty of defense. When previously confronted with AMA Discount's motion for summary judgment on the issue, Seneca, with knowledge of all of the several exclusions set forth in its policy, and having the benefit of counsel, admittedly chose to rely on its "Knowing Violation of the Rights of Another" exclusion.[1] That argument having failed, the Court will not now

---

[1] In support of its motion for new trial, Seneca emphasizes that it "reserved its right to assert all other terms and provisions of the policy" in its prior opposition memorandum such that its prior "focus on the 'Knowing Violation of Rights of Another' exclusion did not waive the other Coverage B exclusions." *See* Rec. Doc. 23-1 at 2. In evaluating motions for summary judgment, however, Rule 56 does not obligate the Court to search for evidence to support a party's opposition to summary judgment. *See* Fed. R. Civ. P. 56(c)(3)("court need consider only the cited materials"); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003)("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Rather, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871

consider, in piecemeal fashion, other exclusions in Seneca's policy that could have been asserted in response to AMA Discount's prior motion. This is particularly so given that the issue in question is Seneca's duty relative to claims that AMA Discount was left to defend against, and eventually settle, without the benefit of the legal assistance that an insurer must provide unless "every claim pleaded in the complaint (and otherwise falling within the insurance clause) unambiguously falls within an exclusion." *See Martco Limited Partnershp v. Wellons, Inc.,* 588 F.3d 864, 876 (5th Cir. 2009). The Court declines to further delay resolution of the issue simply because Seneca, obviously dissatisfied with the prior ruling, now desires an opportunity to present its "back up" or "plan B" arguments in hope of belatedly achieving a favorable outcome. Accordingly, **IT IS ORDERED** that Seneca's motion for new trial (Rec. Doc. 23) is **DENIED**.

**II. Motion to Strike Certain Defenses Raised by Seneca**

In the KKF suit, Krispy Krunchy sued AMA Discount for trade dress infringement and related violations, and Seneca, in accordance with the Louisiana Direct Action Statute, in its capacity as AMA Discount's commercial general liability insurer. The record does not reflect that AMA Discount ever asserted a cross-claim against Seneca in the KKF suit. Rather, after Seneca refused to defend it against Krispy Krunchy's claim, AMA Discount filed the instant action (Civil Action No. 15-2845) contending that Seneca had breached its insurance contract and violated Louisiana's "bad faith" insurance statutes, La. R.S. 22:1892 and La. R.S. 22:1973.[2]

In both this action and the KKF suit, Seneca has taken the position that its policy provides neither coverage or defense relative to Krispy Krunchy's claims against AMA Discount.

---

(1994). Seneca's general reservation of rights is insufficient to satisfy this burden.

[2] Seneca removed the action from state court. *See* Rec. Doc. 1.

Thus, as set forth above, AMA Discount was forced to fund its own defense against Krispy Krunchy's claims in the KKF suit. Because of the rising costs of the litigation and the uncertainties presented by trial, AMA Discount ultimately agreed to a settlement of Krispy Krunchy's claims against it. Both parties, however, reserved their rights against Seneca.

Thereafter, just before trial between Krispy Krunchy and Seneca commenced in the KKF suit, the Court granted a motion filed by Krispy Krunchy (Civil Action No. 15-590, Rec. Doc. 66) seeking to strike Nos. 6-11 of Seneca's "Proposed Conclusions of Law" (Civil Action No. 15-590, Rec. Doc. 63). In support of its motion, Krispy Krunchy contended that Seneca had not previously provided it with adequate notice of the affirmative defenses set forth in those proposed conclusions of law. Specifically, except for the "knowing violation exclusion" set forth in its earlier motion to dismiss, Seneca's first specification in the KKF suit of any other allegedly applicable policy exclusion was its inclusion of the "Material Published Prior To Policy Period" exclusions (Proposed Conclusion of Law No. 7) in the parties' proposed pretrial order (Civil Action No. 15-590, Rec. Doc. 65, pp. 11-12). Concluding that Seneca had failed to provide Krispy Krunchy with prior notice of its assertion of additional policy exclusions in sufficient time to allow for appropriate pre-trial discovery and, if warranted, motion practice, the Court, on January 25, 2016, ordered Nos. 6-11 of Seneca's Proposed Conclusions of Law stricken to the extent that they would not be considered by the Court. *See* Civil Action No. 15-590, Rec. Doc. 78.

On the second day of trial in the KKF suit, Seneca and Krispy Krunchy reached a settlement of the remaining claims between them and the case was closed. Now, in the instant action between AMA Discount and its insurer, Seneca, AMA Discount contends that Seneca is "attempting to mount a 'kitchen-sink' defense . . . through which it asserts defenses that it either failed to assert

5

in the underlying [KKF suit] or that this Court previously found were inapplicable in the [KKF suit]." *See* Rec. Doc. 26-1 at 3. Pointing to the Court's January 25, 2016 Order in the KKF suit (Civil Action No. 15-590, Rec. Doc. 78), AMA Discount further submits that it would be inefficient and inequitable to allow Seneca to litigate questions of insurance coverage concerning Krispy Krunchy's claims based on defenses that were unavailable to Seneca during its trial with Krispy Krunchy. Thus, AMA Discount maintains that the record upon which any remaining coverage determinations will turn is that established in the underlying KKF suit and, thus, moves for an order (1) confirming that the record developed in the KKF suit provides the relevant factual and legal backdrop for determining the remaining coverage issues presented herein, and (2) striking – and precluding any future attempts to raise – any defenses beyond the scope of those available to Seneca at trial in the KKF suit. In the alternative, AMA Discount's motion references Seneca's amendment of its answer to assert the "Material Published Prior to Policy Period" and "Contractual Liability" exclusions as additional affirmative defenses (see Rec. Docs. 20 and 25), and urges that they be stricken as being neither factually nor legally applicable.

On the instant showing made, the Court declines to limit Seneca, in this action, to only the affirmative defenses allowed at trial in the KKF suit. Although AMA Discount was a party in the KKF suit, having been named a defendant by Krispy Krunchy, it never asserted a cross-claim against Seneca in that matter. As previously stated, AMA Discount instead chose to sue Seneca in this independent action. Further, in settling Krispy Krunchy's claims against AMA Discount, prior to trial in the KKF suit, both AMA Discount and Krispy Krunchy simply reserved their respective rights against Seneca, rather than reaching a global settlement with Seneca of all of the pending claims in both suits. And, though Krispy Krunchy and Seneca eventually reached a settlement of the

claims pending between the two, AMA Discount has not shown itself to have been either a party to the agreement or even a third-party beneficiary thereof.

Furthermore, the Court's January 25, 2016 Order and Reasons in the KKF suit (Civil Action No. 15-590, Rec. Doc. 78) struck the additional affirmative defenses set forth in Seneca's Proposed Conclusions of Law Nos. 6-11 on procedural, rather than substantive, grounds. Specifically, those affirmative defenses were stricken solely because they were not asserted in sufficient time to allow Krispy Krunchy to conduct pre-trial discovery and, if warranted, motion practice. No ruling on the merits of those defenses was made. In this suit, on the other hand, Seneca timely asserted, in its answer, affirmative defenses beyond those allowed in the KKF suit. Thus, unlike Krispy Krunchy in the KKF suit, AMA Discount has been provided with adequate prior notice of the defenses to allow for appropriate discovery and pre-trial motion practice. Given that, the Court declines to strike affirmative defenses asserted herein by Seneca solely because they were stricken from the Court's consideration in the KKF suit.

Turning to AMA Discount's alternative request for relief, the Court notes that Seneca has not opposed AMA Discount's request that the "Material Published Prior to Policy Period" and "Contractual Liability" exclusions in the Seneca policy be stricken from Seneca's answer as factually and legally inapplicable. For that reason, and because the Court agrees, on the showing made, that the exclusions are inapplicable here, the Court will grant the alternative request for relief set forth in AMA Discount's motion. Accordingly, to the extent stated herein, **IT IS ORDERED** that AMA

Discount's motion to strike (Rec. Doc. 26) is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the motion to strike is granted only as to the "Material Published Prior to Policy Period" and "Contractual Liability" exclusions; otherwise, the motion is denied.

New Orleans, Louisiana, this 21st day of September 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**

U.S. Magistrate Judge Joseph C. Wilkinson, Jr.