UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AMA DISCOUNT, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 15-2845 |
| SENECA SPECIALTY INSURANCE COMPANY | SECTION "N" (2) |

**ORDER AND REASONS**

Presently before the Court is the "Motion for Partial Summary Judgment" that was filed by Plaintiffs AMA Discount, Inc. d/b/a Chef Discount Market ("AMA"), Ali M. Allan, and Mohammed Allan (collectively, "AMA Discount") (Rec. Doc.45). With its motion, AMA Discount seeks a declaration that Seneca Specialty Insurance Company ("Seneca") violated its fiduciary and other duties owed under La. R.S. 22:1892 and La. R.S. 22:1973 through the following non-exclusive acts and/or omissions in connection with its handling of the claims asserted against AMA Discount in the case captioned "Krispy Krunchy Foods, L.L.C., versus AMA Discount, Inc., d/b/a Chef Discount Market, Ali M. Allan, and Mohammad Allan," bearing case number 15-00590 (the "KKF Litigation"):

> (i) Misquoting its policy language and then reiterating that same misrepresentation in its responses to AMA Discount's tender letters, all in violation of La. R.S. 22:1973(B)(1);
>
> (ii) Failing to accept AMA Discount's tender of its defense of the KKF Litigation within 30 or 60 days of same, in violation

1

    of La. R.S. 22:1892(A)(1) and La. R.S. 22:1973(A) and (B)(5);

    (iii) Failing to make a reasonable effort to settle the claims asserted against AMA Discount in the KKF Litigation, in violation of La. R.S. 22:1973(A) as interpreted by the Louisiana Supreme Court in *Kelly v. State Farm Fire & Cas. Co.*, 169 So. 3d 328, 341 (La. 05/05/15); and

    (iv) Baselessly citing policy exclusions that are clearly inapplicable while continuing to ignore the Court's Order that AMA Discount is entitled to a defense under the Seneca Policy, again in violation of La. R.S. 22:1973(B)(1) and in continuing violation of La. R.S. 1892(A)(1) and La. R.S. 22:1973(B) (5).

The Louisiana "bad faith" insurance statutes that are the subject of AMA Discount's motion provide, in pertinent part:

**La. R.S. 22:1973 (Formerly cited as La. R.S. 22:1220)**

Good faith duty; claims settlement practices; cause of action; penalties

    A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.

    B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A of this Section:

    (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.

    (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.

(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

(4) Misleading a claimant as to the applicable prescriptive period.

(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

(6) Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

D. The provisions of this Section shall not be applicable to claims made under health and accident insurance policies.

E. Repealed by Acts 1997, No. 949, § 2.

F. The Insurance Guaranty Association Fund, as provided in R.S. 22:2051 et seq., shall not be liable for any special damages awarded under the provisions of this Section.

*See* LSA-R.S. 22:1973.

### La. R.S. 22:1892 (Formerly cited as La. R.S. 22:658)

Payment and adjustment of claims, policies other than life and health and accident; personal vehicle damage claims; extension of time to respond to claims during emergency or disaster; penalties; arson-related claims suspension

A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, 1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any

3

claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest. The insurer shall notify the insurance producer of record of all such payments for property damage claims made in accordance with this Paragraph.

(2) All insurers issuing any type of contract, other than those specified in R.S. 22:1811, R.S. 22:1821, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.

(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant except that the commissioner may promulgate a rule for extending the time period for initiating a loss adjustment for damages arising from a presidentially declared emergency or disaster or a gubernatorially declared emergency or disaster up to an additional thirty days. Thereafter, only one additional extension of the period of time for initiating a loss adjustment may be allowed and must be approved by the Senate Committee on Insurance and the House Committee on Insurance, voting separately. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1973.

(4) All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.

B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4) of this Section, respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2) of this Section

> when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

\* \* \* \*

*See* LSA-R.S. 22:1892.

AMA Discount's contention that Seneca violated La R.S. 22:1973 by "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue" by "misquoting its policy language and then reiterating that same misrepresentation in its responses to AMA Discount's tender letters" is particularly troublesome to the Court given that the assertion is premised upon Seneca's apparently purposeful omission (in its May 5, 2015 denial letter) of language found in Exclusion (i) "Infringement of Copyright, Patent, Trademark, or Trade Secret" that is favorable to AMA Discount. *See* Rec. Doc. 45-1 at pages 2-3 of 15. Nevertheless, certain of the declarations sought with AMA Discount's motion seemingly rest upon disputed factual determinations and assessments of witness credibility that remain reserved to the trier of fact – a jury – in this matter. Given that, and the issues left undecided by the Order and Reasons (Rec. Doc. 84) denying Seneca's "Motion for New Trial" (Rec. Doc. 23), and denying in part and granting in part AMA Discount's "Motion to Strike Certain Defenses" (Rec Doc. 26), the Court, having

carefully considered the parties' submissions and the authorities cited therein, is not presently persuaded that AMA Discount is entitled to the summary declaratory relief sought by the instant motion. Accordingly, for these reasons, **IT IS ORDERED** that AMA's motion for partial summary judgment (Rec. Doc. 45) is **DENIED**.

New Orleans, Louisiana, this 4th day of October 2016.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

**Clerk to Copy:**

U.S. Magistrate Judge Joseph C. Wilkinson, Jr.